**Electronically Filed
Intermediate Court of Appeals
CAAP-20-0000744
25-SEP-2024
08:22 AM
Dkt. 89 SO**

NO. CAAP-20-0000744


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


THOMAS FRANK SCHMIDT and LORINNA JHINCIL SCHMIDT,
Plaintiffs-Appellants, v.
HSC, INC., a Hawaii corporation; RICHARD HENDERSON, SR.;
ELEANOR R.J. HENDERSON, Defendants-Appellees,
and JOHN DOES 1-10; JANE DOES 1-10;
DOE CORPORATIONS 1-10; and DOE UNINCORPORATED ASSOCIATIONS,
INCLUDING PARTNERSHIPS 1-10, Defendants.


APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 3CC061000228)


SUMMARY DISPOSITION ORDER
(By: Hiraoka, Presiding Judge, Wadsworth and McCullen, JJ.)

Plaintiff-Appellants Thomas Frank Schmidt and Lorinna Jhincil Schmidt (**Schmidts**) appeal from the Circuit Court of the Third Circuit's[1] (1) November 12, 2020 Findings of Fact, Conclusions of Law, and Order Granting Defendants' Motion for Summary Judgment (**Order Granting Summary Judgment**), and

---

[1] The Honorable Henry T. Nakamoto presided.

(2) November 12, 2020 order denying the Schmidts' motion to amend and correct the Order Granting Summary Judgment "to Conform to the [Hawaiʻi] Supreme Court Decision Dated November 8, 2019, Filed in this Court on December 4, 2019 as Document No. 169, and the December 3, 2019 [Hawaiʻi] Supreme Court Judgment on Appeal, as Document No. 171, Filed February 14, 2020 [Dkt 173]" (**Order Denying Motion to Amend**).

On appeal, the Schmidts contend the circuit court erred in concluding they were unable to pursue a claim under Hawaiʻi Revised Statutes (**HRS**) Chapter 651C, also known as the Hawaiʻi Uniform Fraudulent Transfers Act (**HUFTA**), once their judgment against original debtor Realty Finance, Inc. (**RFI**) expired.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the issues raised and the arguments advanced, we resolve the points of error as discussed below, and affirm.

The background underlying this case spans over 20 years and includes three appeals. Briefly, RFI was a wholly owned subsidiary of **HSC**, Inc. **Richard** and Eleanor Henderson (**Hendersons**) were officers and directors of HSC. Richard and family members owned 70 percent of HSC.

RFI obtained a foreclosure judgment against the Schmidts. In 2000, after receiving the foreclosure sale

2

proceeds, RFI transferred funds to the Hendersons, and transferred funds to a law firm to satisfy an HSC debt. Following the transfers, RFI became insolvent.

In 2004, judgment was entered in favor of the Schmidts and against RFI for "$537,258.66, constituting the surplus of the foreclosure sale proceeds" (**2004 Judgment**). In 2006, the Schmidts filed a first amended complaint (**2006 Complaint**) against HSC and the Hendersons claiming "RFI removed or concealed assets and thereby became insolvent shortly after the transfers were made and shortly after RFI received the mortgage sale proceeds from" the Schmidts. In the 2006 Complaint, the Schmidts relied on the 2004 Judgment to establish they were creditors of RFI.

Multiple appeals occurred. In the third appeal, the Hawaiʻi Supreme Court determined the Schmidts timely raised their HUFTA claims, and remanded the case to the circuit court. Schmidt v. HSC, Inc., 145 Hawaiʻi 351, 362, 452 P.3d 348, 359 (2019). On remand, the circuit court issued its Order Granting Summary Judgment, ruling the Schmidts were barred from pursuing their HUFTA claim because "[t]he 2004 Judgment was the only basis on which the Schmidts claimed to be creditors of RFI" and the Schmidts "are no longer 'creditors' of RFI as their 2004 Judgment was not extended, and therefore, expired as a matter of law under HRS § 657-5."

3

Here, before this court, the Schmidts raise seven points of error,[2] which we consolidate for discussion as

---

[2] The Schmidts' seven points of error are as follows:

1. "The trial court committed reversible error granting HSC and Henderson's 12 June 2020 motion for summary judgment that Schmidts' UFTA claim was no longer valid as their judgment against the transferor RFI expired, thereby terminating their UFTA claim";

2. "The trial court committed reversible error refusing to follow [Hawai'i] Supreme Court decision in *Schmidt v. HSC, Inc.,* 145 Haw. 351, 452 P.3d 348 (2019) (*Schmidt III*) in which the case was remanded for the second time, holding that the Schmidts' UFTA claim was not barred by the one[-]year statute of limitations";

3. "The trial court committed reversible error denying Schmidts' 14 February 2020 motion to amend and correct the 19 October 2016 FOF, COL, order and judgment to conform with the [Hawai'i] Supreme Court decision in *Schmidt III*";

4. "The trial court committed reversible error in FOF No. 3 on 12 November 2020 in 20 ROA 22 at pages 2-3";

5. "The trial court committed reversible error in COL Nos. 1, 2-4 and 5 when it filed the FOF, COL and order granting Defendants' motion for summary judgment on 12 November 2020";

6. "The trial court committed reversible error in filing the 12 November 2020 order granting the Defendants HSC and Henderson's motion for summary judgment which appears in 20 ROA 222 @ page 4 and which appears also in Appendix 1 incorporated herein by reference as if fully set forth herein"; and

7. "The trial court committed reversible error filing the Final Judgment on 5 March 2021, a copy of which is appended in Appendix 11."

(Some emphasis omitted.) The Schmidts do not raise specific arguments regarding their challenge to findings of fact (**FOF**) 3 and conclusions of law (**COL**) 1-5. Nonetheless, based on our decision below, FOF 3 was not clearly erroneous and COL 1-5 were not wrong.

In the argument section of their opening brief, the Schmidts discuss due process and equal protection violations. The Schmidts, however, do not raise these issues in their points of error or cite to where in the record they raised these issues before the circuit court. Hawai'i Rules of Appellate Procedure (**HRAP**) Rule 28(b)(4). Thus, we deem these issues waived. HRAP Rule 28(b)(4); Onaka v. Onaka, 112 Hawai'i 374, 387, 146 P.3d 89, 102 (2006) (explaining "[w]e have repeatedly warned that an appellate court will not sift through a voluminous record" where appellant fails to provide citations to the record).

asserting (1) the circuit court erred in determining their HUFTA claim was no longer valid, and (2) the law of the case doctrine rendered the Order Granting Summary Judgment moot.

**(1)** The Schmidts contend the circuit court erred in determining their HUFTA claim was not viable because a judgment is not required to pursue a HUFTA claim. Although a judgment is not required to pursue a HUFTA claim, under HRS § 651C-7 (2016), being a creditor is.

HUFTA's relief provision, HRS § 651C-7, allows a creditor to seek relief from transfers of funds to satisfy a claim:

> (a) In any action for relief against a transfer or obligation under this chapter, a creditor, subject to the limitations provided in section 651C-8, may obtain:
>
> > (1) Avoidance of the transfer or obligation to the extent necessary to satisfy the creditor's claim;
> >
> > . . . .
>
> (b) If a creditor has obtained a judgment on a claim against the debtor, the creditor may, if the court so orders, levy execution on the asset transferred or its proceeds.

(Emphases added and formatting altered.) A creditor is defined as "a person who has a claim against a debtor." HRS § 651C-1 (2016).

Again, the Schmidts relied on the 2004 Judgment in their 2006 Complaint to establish they were creditors of RFI, i.e., had a claim against RFI. The Schmidts, however, did not seek to extend the 2004 Judgment and, thus, the 2004 Judgment

expired in 2014.  HRS § 657-5 (2016).[3]  An expired judgment is presumed "paid and discharged."  Id.; Realty Fin., Inc. v. Schmidt, 104 Hawaiʻi 191, 86 P.3d 1000, No. 23441, 2004 WL 541878, at *6, (Haw. Mar. 18, 2004) (mem. op.) (citing Restatement (Second) Judgments § 18 cmt. a (2003)) (noting "[w]hen the plaintiff recovers a valid and final personal judgment, his original claim is extinguished and rights upon the judgment are substituted for it").

In 2016, the circuit court entered an order deeming the 2004 Judgment discharged.  In its order, the circuit court stated the 2004 Judgment "was entered more than ten years ago, and no extension of the 2004 Judgment was sought by [the Schmidts].  Under HRS § 657-5, the 2004 Judgment, with all the rights and remedies appurtenant thereto, is conclusively deemed

---

[3]  HRS § 657-5 provides a judgment is presumed paid and discharged after 10 years unless an extension of the judgment was granted:

> **Domestic judgments and decrees.**  Unless an extension is granted, every judgment and decree of any court of the State shall be presumed to be paid and discharged at the expiration of ten years after the judgment or decree was rendered.  No action shall be commenced after the expiration of ten years from the date a judgment or decree was rendered or extended.  No extension of a judgment or decree shall be granted unless the extension is sought within ten years of the date of the original judgment or decree was rendered.  A court shall not extend any judgment of decree beyond twenty years from the date of the original judgment or decree.  No extension shall be granted without notice and the filing of a non-hearing motion or a hearing motion to extend the life of the judgment or decree.

(Emphasis added.)

paid and discharged" citing Int'l Sav. & Loan Ass'n v. Wiig, 82 Hawai'i 197, 199, 921 P.2d 117, 119 (1996).

Once the 2004 Judgment was considered discharged, the Schmidts lost their status as creditors of RFI. And the Schmidts did not show there was another basis for being creditors of RFI. Because the Schmidts were no longer creditors of RFI, they could not sustain their HUFTA claim in the 2006 Complaint.

Thus, the circuit court did not err in granting summary judgment.

**(2)** Next, the Schmidts contend the circuit court erred in determining their HUFTA claim was not viable because the law of the case rendered the "very tardy motion for summary judgment under [Hawai'i Rules of Civil Procedure] Rule 56 moot." Contrary to the Schmidts' argument, the law of the case doctrine does not render the Order Granting Summary Judgment moot.

Pursuant to the law of the case doctrine, "a determination of a question of law made by an appellate court . . . may not be disputed by a reopening of the question at a later stage of [the] litigation." Hussey v. Say, 139 Hawai'i 181, 186, 384 P.3d 1282, 1287 (2016) (quoting Tabieros v. Clark Equip. Co., 85 Hawai'i 336, 352 n.8, 944 P.2d 1279, 1295 n.8 (1997)).

Here, the issue of whether the Schmidts' HUFTA claim remained viable once the 2004 Judgment expired was not previously addressed, and the Hawaiʻi Supreme Court specifically declined to address this issue in the third appeal.  Schmidt, 145 Hawaiʻi at 360, 452 P.3d at 357.

Thus, contrary to the Schmidts' argument, the law of the case doctrine did not render the Order Granting Summary Judgment moot.

Based on the foregoing, we affirm the November 12, 2020 Order Granting Summary Judgment and November 12, 2020 Order Denying Motion to Amend.

DATED:  Honolulu, Hawaiʻi, September 25, 2024.

On the briefs:                      /s/ Keith K. Hiraoka
                                    Presiding Judge
R. Steven Geshell,
for Plaintiffs-Appellants.          /s/ Clyde J. Wadsworth
                                    Associate Judge
Paul Alston,
Madisson L. Heinze,                 /s/ Sonja M.P. McCullen
(Dentons),                          Associate Judge
for Defendants-Appellees.